Mathews, J.
delivered the opinion of the court. The appellant insists on a reversal of the judgment of the court a quo, on three grounds. 1. Because the verdict is contrary to evidence. 2. Contrary to law in ordering plaintiff to pay costs. 3. It is defective in not adjudicating on the rent claimed.
The evidence in the case, traces the title to the disputed premises, back to one Pollock, who transferred his right to R. & J. Collins; the quantity of land being 200 acres. The whole tract was sold by the sheriff of Felici-ana, to satisfy a judgment against R. Collins alone; and under this last title, derived thro’ one Adams, who was the purchaser at sheriff’s sale, the plaintiff now claims. It is evident that the sale under execution, convey *576 ed no more than the title ofR. Collins, which ....... r seems to have been to an undivided moiety oi the whole tract of 200 acres, and to this alone the appellant has acquired a title; and was at the institution of this suit, a joint tenant, or tenant in common with the defendant; unless by some act or acquiescence on the part of the latter, he has obtained a title to the whole tract of land. It is not pretended that the ap-pellee has done any act which amounts to a divestment of his right to one half of the property ; but that according to principles of equity and natural justice, he has forfeited his right and title by remaining silent, and not giving notice to the plaintiff of his claim, at the time the latter purchased the whole tract, at a public sale, of the succession of Adams, who held by sheriff’s deed, executed by virtue of a fieri facias against R. Collins alone, as already stated. What effect such conduct might have on a title to immovable property, according to our laws, it is useless, in the present case, to enquire; as from the testimony, the jury may well have negatived the fact of such having been the conduct of the defendant in this case.
The suit being for the whole tract of land. *577 and the plaintiff having recovered one half, full costs ought to have been adjudged to him, unless the defendant had in his answer shewn a willingness to have the property divided, and partake in the manner provided for by law, in cases of tenancy in common. This he has not done, but denies all right in the plaintiff Decreeing costs, in the administration of justice, does not appertain to the province of jurors; they are incidental and accessary to the judgment of the court, fixed and ascertained by law, and ought generally to be adjudged in favor of suitors who are successful in their claims. We are, therefore, of opinion, that the verdict and judgment of the court below, are erroneous in adjudging costs to the defendant.
As to the rent claimed, it is shewn by testimony not contradicted, that the defendant agreed to pay forty dollars for one year's use of the whole plantation, if he should be obliged to pay rent. But according to the verdict and judgment of the court below, the plaintiff is a rightful proprietor of only one half. The rent ought, therefore, be reduced in proportion to his interest in the property, which will fix it at twenty dollars per annum *578 A question then arises as to the time tor which rent ought to be paid. In the petition forty dollars a re claimed for one year, and also an indefinite sum as compensation for the use of the land. The annual value being established, it remains to ascertain the period from which it ought to commence ; and this, in our opinion, must be the date of the judicial demand, as the defendant may have been a possessor in good faith, until that time, of the whole tract of land. It appears by the record, that a citation was served on January 15,1818, and final judgment rendered in April, 1820; consequently the plaintiff is entitled to rent for the space of two years and three months, which amounts to forty-five dollars.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled ; and proceeding here to give such judgment as in our opinion ought thereto have been given; it is further ordered, adjudged and decreed, that the plaintiff and appellant do recover from the defendant one half of the tract of land in dispute, agreeably to the verdict of • lie jury, and the report of the experts who *579 were appointed by order of the court below, ... to divide the land between the parties litigant, It is also further ordered, adjudged and decreed, that said plaintiff and appellant do recover the sum of forty-five dollars for rent of said plantation, and costs in both courts.